UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AARON DeSHON SPEARS,

                   Petitioner,

vs.                              Case No.  2:10-cv-588-FtM-29SPC

WARDEN MIDDLEBROOKS,

                   Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on the following: Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Docs. #1-2) and a supporting Memorandum of Law and Argument (Doc. #3); Motion to Consolidate Cases (Doc. #8); Theoretical Argument in Anticipation of Questioning § 2241 Jurisdiction of the Fort Myers Division (Doc. #9); Motion to Appoint Counsel (Doc. #12); Motion to Order Respondent to Show Cause (Doc. #13); and Request for Habeas Bond (Doc. #14).  No responses have been filed, and the times to respond have expired.

**I.**

On December 3, 2003, a federal grand jury in Fort Myers, Florida filed a one-count Indictment (Case No. 2:03-cr-134, Doc. #1) charging petitioner Aaron DeShon Spears (petitioner or Spears) with possessing a firearm and ammunition on or about August 30, 2001, after having been convicted of four felony offenses.

Defendant pled guilty without the benefit of a plea agreement (Cr. Docs. ## 26-33, 63).   On June 22, 2004, the district court sentenced petitioner to a 200 month term of imprisonment, to be followed by 60 months supervised release (Cr. Doc. #46).   The district court enhanced petitioner's sentence under 18 U.S.C. § 924(e), the Armed Career Criminal Act (ACCA), because petitioner had three prior qualifying prior convictions: two felony convictions for robbery with a deadly weapon, and one felony conviction for sale or delivery of cocaine.   Judgment (Cr. Doc. #50) was entered on June 23, 2004.

Petitioner, through counsel, filed a Notice of Appeal (Cr. Doc. #51) on June 25, 2004.   On March 30, 2006, the Eleventh Circuit Court of Appeals affirmed petitioner's sentence, but remanded for attachment of the sentencing hearing transcript to the presentence report.   United States v. Spears, 443 F.3d 1358 (11th Cir. 2006).   Petitioner filed a petition for writ of *certiorari* with the United States Supreme Court, which was denied on October 2, 2006.   Spears v. United States, 127 S. Ct. 264 (2006).

On October 3, 2007, petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By A Person in Federal Custody (Case No. 2:07-cv-648, Doc. #1). Petitioner raised a number of issues, including his eligibility for a sentence enhancement under the Armed Career Offender statute.   The undersigned denied the motion (Doc. #48), and denied the request

for a certificate of appealability (Doc. #55). Additional motions are pending in the § 2255 case, which are addressed in a separate order.

In this case, petitioner seeks habeas corpus relief under 28 U.S.C. § 2241. Petitioner asserts that the Eleventh Circuit erred in deciding his direct appeal and that he is actually innocent of his armed career criminal sentencing enhancement.

## II.

Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). A provision of § 2255 referred to as the savings clause, however, permits a federal prisoner to file a habeas petition pursuant to § 2241 under limited circumstances. See 28 U.S.C. §§ 2241(a), 2255(e). "Under the savings clause of § 2255,[1] a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention."

---

[1]The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

Sawyer, 326 F.3d at 1365.  The burden of showing the inadequacy or ineffectiveness of a motion under § 2255 rests on the petitioner. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).  The Eleventh Circuit Court of Appeals has interpreted the savings clause to apply when: "(1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255." Sawyer, 326 F.3d at 1365.  "A prior unsuccessful § 2255 motion, or the inability to meet the AEDPA's second or successive requirement, does not make § 2255 inadequate or ineffective." Jeffers, 253 F.3d at 830 (citing Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

The Court finds that petitioner has failed to demonstrate that the § 2255 motion was inadequate or ineffective and has failed to establish actual innocence to assert a § 2241 claim under the savings clause.  A district court does not have authority under § 2241 to review an appellate court's decision, and petitioner's petition for certiorari with the United States Supreme Court was denied.  Additionally, the Gilbert decision relied upon by petitioner has been vacated by the Eleventh Circuit pending rehearing *en banc*.  Gilbert v. United States, 625 F.3d 716 (11th Cir. 2010).  Therefore, the Court lacks jurisdiction under § 2241

and, looking behind the label of the motion as required by <u>United States v. Jordan</u>, 915 F.2d 622, 624-25 (11th Cir. 1990), the Court finds no other basis for jurisdiction.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Docs. #1-2) is **DISMISSED.**

2.  Petitioner's Application to Proceed In Forma Pauperis (Doc. #4) is **DENIED** as moot.

3.  Petitioner's Motion to Consolidate Cases (Doc. #8) is **DENIED.**

4.  Petitioner's Motion to Appoint Counsel (Doc. #12) is **DENIED.**

5.  Petitioner's Motion to Order Respondent to Show Cause (Doc. #13) is **DENIED.**

6.  Petitioner's Request for Habeas Bond (Doc. #14) is **DENIED.**

7.  The Clerk shall enter judgment accordingly and close the civil case.  A copy of this Opinion and Order and the Judgment shall be placed in the criminal file, Case No. 2:03-cr-134-FTM-29SPC.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of January, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Parties of record