UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AARON DESHON SPEARS,

                Petitioner,

vs.                            Case No.   2:10-cv-588-FtM-29SPC

WARDEN MIDDLEBROOKS,

                Respondent.
_____

**OPINION AND ORDER**

    This matter comes before the Court on review of the pending motions.  On January 20, 2011, the Court issued an Opinion and Order (Doc. #15) denying petitioner's Application Under 28 U.S.C. § 2241 because the basis relied upon was vacated pending rehearing in Gilbert v. United States, 625 F.3d 716 (11th Cir. 2010).  The Court denied three motions for reconsideration, docs. #19, #26, #28, and the Eleventh Circuit Court of Appeals dismissed the appeal for failure to pay the filing and docketing fees, doc. #29.  The current motions are resolved below.

    Petitioner filed a Motion to Reconsider and/or Amend Judgement, in Light of Newly Discovered Evidence (Doc. #30) arguing that Hunter v. United States, 449 F. App'x 860 (11th Cir. 2011) warrants reconsideration of the denial of his Section 2241 petition, or under Rule 60(b) if considered under 28 U.S.C. § 2255. In Hunter, the Eleventh Circuit remanded the consolidated appeals

to reconsider sentences in light of Begay[1] and Archer[2] and because the government did not oppose the request. Hunter is inapplicable to petitioner's case because robbery remains a qualifying "violent felony". Therefore, the motion will be denied.

Petitioner filed a Motion Requesting This Court to Uphold and/or comply to Ists [sic] Previous Ruling in This Case, in Light of the Recent Ruling by the Eleventh Circuit in Chaplin v. Hickey (Doc. #31) arguing that his sentence was beyond the statutory maximum under Chaplin v. Hickey, 2012 WL 488705, 2012 U.S. App. LEXIS 2911 (11th Cir. Feb. 15, 2012), and therefore he should be able to proceed with his 2241 petition. The motion will be denied. Chaplin involved an escape conviction that was no longer considered a violent felony under the Armed Career Criminal Act. Petitioner's arguments are with regard to the treatment of a robbery conviction.

Petitioner filed a Judicial Notice (Doc. #32) asking the Court to take judicial notice of a decision out of the Northern District of Florida that is distinguishable from his case. To the extent construed as a motion, the request is denied. As the decision is not binding, the Court declines to take judicial notice of the decision.

Petitioner filed a Demand for Immediate Release and/or a Demand for an Evidentiary Hearing (Doc. #33) asking that the Court

---

[1] Begay v. United States, 553 U.S. 137 (2008).

[2] United States v. Archer, 531 F.3d 1347 (11th Cir. 2008).

hold a hearing to determine whether a sentencing error caused his sentence to be above the statutory maximum such that he should be released immediately.  Petitioner also filed a Motion to Expedite (Doc. #34) seeking immediate review of this motion and an Emergency Motion for Bond for Writ of Habeas Courpus [sic] petition (Doc. #35) seeking release on bond because he is being illegally detained beyond the statutory maximum of his sentence.  This Court and the Eleventh Circuit Court of Appeals have addressed and rejected petitioner's arguments.  The case law being presented does not alter the result in petitioner's case.  See 2:07-cv-648-FTM-29SPC, Doc. #48 (Opinion and Order denying petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody).  The motions will be denied.

Also before the Court is an "Immediate" Judicial Notice (Doc. #36) and Emergency Judicial Notice (Doc. #37) asking the Court to take judicial notice of a case out of the Southern District of Georgia and a case out of the Northern District of Florida. Again, to the extent construed as a motion, the motions are denied.  As the decisions are not binding, the Court declines to take judicial notice of the decisions.

Accordingly, it is now

**ORDERED**:

1. Petitioner's Motion to Reconsider and/or Amend Judgement, in Light of Newly Discovered Evidence (Doc. #30) is **DENIED.**

2. Petitioner's Motion Requesting This Court to Uphold and/or comply to Ists [sic] Previous Ruling in This Case, in Light of the Recent Ruling by the Eleventh Circuit in Chaplin v. Hickey (Doc. #31) is **DENIED**.

3. Petitioner's Judicial Notice (Doc. #32), to the extent construed as a motion, is **DENIED**.

4. Petitioner's Demand for Immediate Release and/or a Demand for an Evidentiary Hearing (Doc. #33) is **DENIED**.

5. Petitioner's Motion to Expedite (Doc. #34) is **DENIED**.

6. Petitioner's Emergency Motion for Bond for Writ of Habeas Courpus [sic] petition (Doc. #35) is **DENIED**.

7. Petitioner's "Immediate" Judicial Notice (Doc. #36) to the extent construed as a motion, is **DENIED**.

8. Petitioner's Emergency Judicial Notice (Doc. #37) to the extent construed as a motion, is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of May, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Aaron DeShon Spears
Parties of record